IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-CR-334 (LMB) |
| JINGYUAN LI, | Sentencing Date: July 13, 2021 |
| Defendant. | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

  The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), hereby files this Position of the United States with Respect to Sentencing in this case. The government has reviewed the Presentence Report and its Addendum, dated July 1, 2021, and concurs with the findings of the Probation Office. The defendant's total offense level under the USSG is 33, which at his Criminal History Category of I, yields a guidelines range of 135 – 168 months. The government respectfully submits that a sentence of 84 months is reasonable and appropriately accounts for the factors set forth under 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentencing disparities.

  The government agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The government moves for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b). The Probation Office has taken this reduction into account in its Guidelines calculation and it is reflected in paragraph 60 of the

Presentence Report.

## BACKGROUND

From at least 2014 through in and around October 2020, the defendant Jingyuan Li conspired with others to assist foreign drug trafficking organizations (DTOs) launder and repatriate drug proceeds generated from the unlawful drug sales in the United States. This money laundering organization, led by Xizhi Li ("X. Li") and others, had direct contact with foreign DTOs to obtain contracts to move and launder illegal drug proceeds in return for commissions. The organization used a complex methodology, known as "trade-based money laundering", in which drug proceeds are used to purchase goods, and value is transferred between countries through "mirror transactions" and/or the export and sale of goods. This money laundering methodology facilitates the movement of illegal drug proceeds from the U.S. to Mexican DTOs in a manner that conceals the nature and source of the proceeds and avoids the risk of detection associated with wiring funds between financial institutions.

The defendant and his co-conspirators went to great lengths to conceal the nature, source, ownership, and control of the drug proceeds they laundered. When illegal drug sales in the United States generated bulk cash, money couriers would transport the cash across the United States so that other members of the conspiracy could conduct additional financial transactions in a different location from the state where the drugs were sold. Further, members of the money laundering conspiracy used bank accounts in the United States, China, Mexico, and elsewhere, including accounts opened under fictitious identities, to conduct financial transactions with drug proceeds. Certain members of the conspiracy, including X. Li, regularly used false identities and fraudulent identification documents to cover their tracks. Finally, members of the conspiracy relied on end-to-end encrypted communications applications, such as "We Chat" and "Whats

App," to communicate about their unlawful activities without fear of detection by law enforcement.

The defendant played a significant role in this money laundering conspiracy because he used a seafood import/export business known as "Shuoyu USA, Inc." to launder drug proceeds on behalf of Mexican DTOs. Specifically, the defendant used drug proceeds to purchase goods through Shuoyu, which he then exported to Hong Kong and China for sale. The defendant's use of this business concealed the nature of the illicit funds used to purchase goods and enabled the money laundering conspiracy to effectively repatriate drug proceeds to the Mexican DTOs through trade-based money laundering.

The defendant also introduced two key members of the money laundering conspiracy, Qiyun Chen and Jianxing Chen, sometime in 2016. The defendant made this introduction so that Qiyun Chen, who had ties to foreign DTOs, and Jianxing Chen, who had a network of money couriers in the United States, could work together to service money laundering contracts. One of Jinaxing Chen's money couriers traveled to the Eastern District of Virginia on multiple occasions to retrieve drug proceeds. Additionally, during the conspiracy, the defendant, Jinaxing Chen and Xueyong Wu assisted one another in servicing five money laundering contracts, each involving approximately $100,000.

On September 24, 2020, a federal grand jury sitting in the Eastern District of Virginia returned a Superseding Indictment charging the defendant in three counts with: conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); conspiracy to distribute five kilograms or more of cocaine, knowing and intending that it will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, 963 (Count 2); and conspiracy to commit money laundering, in violation of 18 U.S.C. §

1956(h) (Count 3).

On April 9, 2021 the defendant pleaded guilty, pursuant to a Plea Agreement, to Count 3 of the Superseding Indictment, Conspiracy to Commit Money Laundering. The government will move to dismiss Counts 1 and 2 of the Superseding Indictment against the defendant at sentencing.

## ANALYSIS OF SENTENCING FACTORS

I.  Overview of Applicable Law

Although the United States Sentencing Guidelines are advisory, *United States v. Booker* provides that a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Under Title 18, United States Code, Section 3553, the Court must consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The Court must consider the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) and (D). The Court must also consider the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II.     Sentencing Recommendation

The government submits that a significant sentence is warranted to account for the nature and circumstances of the offense and the seriousness of the defendant's criminal conduct. The defendant played a vital role in key aspects of the money laundering conspiracy. He introduced Qiyun Chen, who was a leader of the money laundering conspiracy and had contacts with the Mexican DTOs, to Jianxing Chen, who had a network of couriers in the United States who were capable of taking possession of bulk cash drug proceeds in the United States and delivering it to co-conspirators for the purpose of laundering the money. Following the defendant's introduction of Qiyun Chen to Jianxing Chen, millions of dollars in drug proceeds were laundered in the United States. Second and equally important, the defendant used his seafood business to launder drug proceeds. Given the defendant's role, his level of sophistication, and the misuse of the financial system to facilitate the cocaine trade, the defendant deserves a significant sentence.

The Probation Office correctly calculated the defendant's guidelines range at 135 – 168 months. The advisory guidelines are indicative of the severity of the offense.

Although the defendant is not eligible for a role enhancement under U.S.S.G. § 3B1.1, nevertheless, the defendant's conduct was more serious than the conduct of Xueyong Wu and George Yu, both of whom received 60-month sentences, based on the defendant's use of sophisticated means to launder drug proceeds through a seafood import-export business and his introduction of two key members of the conspiracy in 2016. Indeed, on several occasions beginning in 2016, the defendant used George Yu to courier drug proceeds in California on behalf of a third individual. On these occasions, the defendant provided George Yu with cash and account numbers for Chinese bank accounts, and instructed him to deliver the cash and account numbers

to a third individual who would conduct financial transactions that placed the cash into the accounts. Thus, the defendant's conduct in the conspiracy warrants a more significant sentence than the 60-months of imprisonment imposed on both Xueyong Wu and George Yu.

The Court also must consider the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6). This Court sentenced co-conspirator Qiyun Chen, who had direct ties to Mexican DTOs and who received a role enhancement under U.S.S.G § 3B1.1, to 120 months of imprisonment. Because the defendant played a lesser role in the conspiracy compared to Qiyun Chen, the government submits that a sentence below 120 months, and below the low end of the properly calculated guidelines range, is reasonable and will avoid unwarranted sentencing disparities.

Under the circumstances, the government submits that a sentence of 84 months would be reasonable and "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a).

CONCLUSION

For the foregoing reasons, the government recommends that the Court impose a sentence of at least 84 months of imprisonment.

                Respectfully submitted,

                Deborah Connor, Chief
                Money Laundering and Asset Recovery Section
                Criminal Division
                U.S. Department of Justice

By:    /s/ Mary K. Daly
        Mary K. Daly
        New York Bar (4263265)
        Trial Attorney
        Money Laundering and Asset Recovery Section, Criminal Division
        U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2021, I filed the foregoing with the Clerk through CM/ECF and provided an electronic copy to Douglas A. Ramseur Esq. and Elon Berk, Esq., counsel for the defendant.

Raj Parekh
Acting United States Attorney

By: \_\_\_\_/s/\_\_\_\_
David A. Peters
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia 2100
Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
David.Peters@usdoj.gov